UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH SANCHEZ CORDERO,

                      Plaintiff,

      -against-

POLICE DEPARTMENT,

                      Defendant.

25-CV-5605 (ALC)

ORDER OF SERVICE

ANDREW L. CARTER, JR., United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. She alleges that her employer, the New York City Police Department ("NYPD"), named in this action as the "Police Department," discriminated against her based on her sex, national origin, disability, and age.[1]

    By order dated July 25, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*. As set forth below, the Court (1) dismisses the claims against the Police Department because the NYPD cannot be sued, pursuant to the New York City Charter; (2) adds, under Rule 21 of the Federal Rules of Civil Procedure, the City of New York; and (3) directs the Clerk of Court to effect service on the City of New York.

---

[1] Plaintiff did not plead facts in her complaint that Defendant discriminated against her based on her sex and national origin. In her administrative proceedings, however, she did allege that Defendant discriminated against her based on her sex, national origin, and disability.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**DISCUSSION**

A.  **Claims against the New York City Police Department**

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court directs the Clerk of Court to amend the caption of this action to add the City of New York as a Defendant in this action. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

B.      **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

## CONCLUSION

The Court dismisses Plaintiff's claims against the "Police Department." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add, under Fed. R. Civ. P. 21, the City of New York as a Defendant, and to terminate Police Department as a defendant.

The Court instructs the Clerk of Court to issue a summons for the City of New York, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court further instructs the Clerk of Court to mail Plaintiff an information package.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service, available at https://www.nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.[3]

SO ORDERED.

Dated:   August 8, 2025
         New York, New York

ANDREW L. CARTER, JR.
United States District Judge

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR DEFENDANT**

City of New York
Law Department for the City of New York
100 Church Street
New York, NY 10007